UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Donald G. Jackman, Jr. )<br>       Petititioner, )<br>   vs. )<br>)<br>)<br>United States of America )<br>       Respondent. ) | Case No. 04-1098 |

## MEMORANDUM OF LAW
## NEXIS OF CITIZENSHIP

    Now comes Donald G.Jackman,Jr. (Mr. Jackman) in the above named and captioned case in further support of the §2255 petition pending before this Honorable Court. The issue of citizenship will be addressed as it relates to due process, equal protection, and double jeopardy. Since filing the post conviction motion there appears, a slight conflict concerning the applicability of Title 8 Immigration and Nationality Act to the case at hand. This memorandum of law shall attempt to resolve disputes while clarifying the Nexis between Title 18 USC §§ 921-931 and Title 8 USC §§ 1101 and 1481 as it relates or controls in Mr. Jackman's case. In confirmation of the Nexis Mr. Jackman states and presents the following:

1.    Foremost, listing Title 8 Definitions, referencing and applicability to Title 18, listed by cite letter and number. Full text omitted in order to condence the list.

I.    Title 8 USC § 1101(a)(43)(B)
II.   Title 8 USC § 1101(a)(43)(C)
III.  Title 8 USC § 1101(a)(43)(E) [including 26 USC § 5861 reference]
IV.   Title 8 USC § 1101(a)43)(J)
V.    Title 8 USC § 1101(b)(3)
VI.   Title 8 USC § 1101(h)(2)

The following non firearm related to Title 18

VII. Title 8 USC § 1101(43)(D)
VIII.Title 8 USC § 1101(43)(J)(i)
IX.   Title 8 USC § 1101(43)(K)(ii)(iii)
X.    Title 8 USC § 1101(43)(L)(i)

(1)

```
XI.   Title 8 USC § 1101(43)(J)
XII.  Title 8 USC § 1101(43)(P)
XII.  Title 8 USC § 1101(h)(2)
```

The foregoing addressing only the definition portion of Title 8 relating to firearm issues, having 6 section referring to Title 18 , 1 to Title 26 firearms with 7 other non firearm related sections. The following is Title 18 §§ 921-931 references to Title 8 USC §§ 1101 & 1481.

**2.**   The applicable sections will start with § 922

```
I.     Title 18 USC § 922(d)(5)(b)
II.    Title 18 USC § 922(d)(7) [8§1481(b) reference]
III.   Title 18 USC § 922(g)(5)(A)
IV.    Title 18 USC § 922(g)(5)(B)
V.     Title 18 USC § 922(g)(7) [8§1481(a) reference]
VI.    Title 18 USC § 922(s)(3)(V)(I)(II) & (vii)
VII.   Title 18 USC § 922(y)(1)(A)
VIII.  Title 18 USC § 922(y)(1)(B)
IX.    Title 18 USC § 922(y)(2)(A)
X.     Title 18 USC § 922(y)(2)(B)(i)(ii)
XI.    Title 18 USC § 922(y)(2)(C)
XII.   Title 18 USC § 922(y)(2)(D)
XIII.  Title 18 USC § 922(y)(3)(A)(i)(ii)
XIV.   Title 18 USC § 922(y)(3)(B)
XV.    Title 18 USC § 922(y)(B)(i)(ii)
XVI.   Title 18 USC § 922(y)(C)(i)(ii)
```

The foregoing (16) sections of Title 18 and the (13) sections from the previous page conclusively establish the nexis between the two Statutory Sections (Acts). The resolution in fact of legal interconn-ection and interdependence with one another (8§1101 & 1481 & 18§921-931). This undoubtably established, it can be shown its application and relevance to Mr. Jackman's case relating to sanctions and effects on State law.

**3.**   Title 18 USC § 925 **Exceptions**; Relief from disabilities. [for clarification purposes, sanction, disability, & disenfranchisement shall all have the same meaning relating to losses of core rights] The acquiring relief after the fact of Federally imposed disabilities will first be addressed. Issue being, what federal law was violated when "lack" of federal disability existed? An important matter in

Mr. Jackman's case i.e. the after the fact process for relief from disabilities/sanctions set out in 18 § 925(c) which was...imposed by Federal Laws... There was no sanction imposed by Federal Law relating to...the acquisition, receipt, transfer, shipment, transportation or possession of firearms...

a.   The relevance, being an issue of Actual Innocence, relating to any disenfranchisement as it concerns State Law on intent on the part of Congress not to occupy this field with the exclusion of State Law. Set out in both 18 USC § 924(i)(2) and §927 reguarding operation of Federal Law in a State realm, raising the question what actual Federal Law[s] were violated by Mr Jackman? Not an irrelevant question given the fact "NO" Federal Disability was ever imposed on Mr. Jackman anytime prior to arrest, confinement, or trial. (lack of jurisdiction)

b.   Further importance is found in the fact the allegedly imposed sanction upon Mr. Jackman by the State of North Carolina and used to initiate proceedings resulting in confinement are invalid. True the restoration of rights certificate purports to have removed the sanction except is a futile act. The factual reason being no legal process (allowing Due Process Protections) ever imposed the sanction which would have placed Mr. Jackman in violation of State or Federal law for firearm ownership. [Exception Clause 18§921(a)(20)]

c.   Even if this process would have occurred (which it did not) this Court could not uphold any conviction of Mr. Jackman for firearms violations (exercising core Right) due to the fact it exceeds the authority of Congress and the Federal Government to take the right of citizenship. The foregoing act of sanctioning Mr. Jackman's citizenship for a prior crime is a penal act (requiring due process) and a power NOT granted to congress by the Constitution for imposing punishment. There has not been any crime committed against the United States and the people thereof.

d.   None of the acts listed in Title 8 USC § 1481(a) were ever committed by Mr. Jackman which could have legally resulted in the imposition of a sanction against Mr. Jackman;s core rights of citizenship due to an act of expatriation. There is long standing Supreme Court Precedent on this matter. See <u>Afroyim v. Rusk</u>, 387 U.S. 253 (1967); <u>Vance v. Terrazas</u>, 444 U.S. 252 (1980). Afroyim holding that Congress has no

power to take away an Americans Citizenship without his assent; Vance, Expatriation depends on the will of the citizen rather than the will of Congress and its assessment of his Conduct.

4.   Issues of Rights of Citizenship relating to firearms was recently addressed in the U.S. Supreme Court Case <u>Caron v United States</u>, 542 U.S. 308 (1998) at (3) state that a previous conviction does not provide the pedicate for either the substantive offence or a sentence enhancement if the persons civil rights have been restored, "unless such... restoration of civil rights expressly provides that the person may not...possess...firearms"(18USC § 921(a)(20). In Caron the Court took an all or nothing approach, id at [524 us 314] III, concerning restoration of rights. Mr. Jackman unlike Caron committed no violent acts, with the majority of the evidence being "stories" made up by a co-worker in serious trouble committing actual federal crimes against the United States and the people thereof. With Afroyim holding Congress without power to take away rights and Caron's all or nothing approach the Government has proffered nothing to indicate guilt on the part of Mr. Jackman. The only outcome legally viable could be a clear and convincing showing of Double Jeopardy against Mr. Jackman, being twice punished for the North Carolina charge used as the predicate felony. With no validly imposed sanction the case has started with an illegal arrest and continued on with a totally illegal process resulting in imposition of a penal punishment for otherwise Constitutional conduct.

a.   Taking the all or nothing approach in Caron and the Due Process requirement reguarding sanctions held in <u>Kennedy v. Mendoza-Martinez</u>, 371 U.S. 144 (1963), the government has failed to proffer any "valid" evidence that sanctions were imposed against Mr. Jackman by State or Federal Governments. [according to the Constitution no sanction could have been imposed except by Mr. Jackman's assent, which was never given] The imposition of a penal action per 18 USC § 922(g) using a prior act for a claimed sanction is for all intent "a Federal Statute which provides for automatic forfeiture of citizenship, a punishment, without affording the procedural safeguards guaranteed by the Fifth and Sixth Amendments, cannot be upheld because of the availability,

after the fact, of administrative and judicial proceedings to contest the validity of the sanction. see note 16 and *[372 US 167] Kennedy.

b.   The present case is not for evading military service Mr. Jackman served his country, but is the same i.e. a sanction has been imposed, penal in nature causing "loss of liberty rights" based upon an invalid sanction imposed against Mr. Jackman's citizenship due to a prior offence previously serving the time for.  That Mr. Jackman was arrested jailed, and prosecuted based on a alleged sanction imposed totally lacking "any" Due Process Protections. It cannot be argued the alleged sanction imposed against his citizenship rights did not have a profound effect on his case. Being imprisoned, causing irreparable harm and was penal, not a regulatory action by the Department of Justice or heard by the U.S. District Court for the Western District of Pennsylvania as a regulatory matter due to inflicting loss of liberty.Liberty that was taken for otherwise Constitutional activity concieved on a matter lacking Due Process, Equal Protection, and resulting in loss of liberty in violation of the 5th, 6th, & 14th Amendments as it relates to Citizenship.

c.   In support of why This Court cannot uphold Mr. Jackman's conviction based on a Federal Statute that imposes automatic forfeiture of citizenship as punishment one need only look at the statute as a whole. First; the purchase and possession of firearms is activity protected both by the Pennsylvania and United States Constitutions. Second; prior to any evidence that sanctions were imposed (according to 18 USC § 921(a)(20)  a predicate charge does not qualify if rights were restored) on Mr. Jackman, he was arrested, had his property stolen, was jailed almost 3 years, while having to endure many hardships due the prosecutions failure to search the record as required by Rule 16. Third; by doing so (searching the record) the prosecution (government) would have found that no validly imposed sanction against Mr. Jackman existed. This is not a minor shortcoming by the government due it failing to recognize Factual as well as Actual Innocence. Fourth; These failures by the AUSA have resulted in selective as well as vindictive prosecution by going forward without knowing all the facts, then when acquiring

(5)

the facts that were contrary to the unsubstantiated "stories" that came from (C-S) aka Mark Bowman caught actually committing crimes against the United States, the AUSA embarked on a withholding stint lasting almost (6) years. His ranting and raving having a very profound affect on the AUSA to throw caution into the wind and proceed with prosecution knowing full well she could not substantiate her case. This can only be totally ethically and morally wrong being a crime in its self. Fifth; The foregoing portion of this memorandom has established a clear and convincing showing of a federal statute , penal in nature which imposes punishment for Constitutional behavior. In the present text not unlike the following cases which address other core rights issues pertaining to sanctions/disabilities/disenfranchisement related to the Kennedy v. Mendoza-Martinez requiring legal process for sanctions to be valid. These cases involve core rights issues ranging from due process, voting, to citizenship, they are as follows: United States v. Maroney, 355 F2d 302 (1966) Due process; Union County Jail Inmate v. DiBuno, 713 F2d.984 (1983) Challenging Statute; Romeo v. Youngberg, 644 F2d. 147 (1980) 14th Amendment; Richardson v. United States, 465 F2d. 844 (1972) statutes as written, Kennedy; Frank Irey Jr. Inc. v. O.S.H.A., 519 F2d. 1200 (1975) Imposition of Civil Penalty; Page v. Bartels, 248 F3d. 175 (3rd. Cir. 2001) voting rights act 14th & 15th Amendments, irreparable harm, & citizenship; Schwieker v Wilson, 450 U.S. 221 (1981) Equal protection , irreparable harm; Wilson v. Philadelphia Detention Center, 986 F.Supp 282 (E.D.Pa. 1997) actions without Due Process Protections, distinction between punative and regulatory restraints; United States v. Ward, 488 U.S. 242 (1980) two part test taken from Kennedy; and O'Neill v. City of Philadelphia, 817 F.Supp. 558 (E.D.Pa.1993) Kennedy requirements on sanctions.

5.   In Mr. Jackman's case not unlike in Cort (part of the combined cases in Kennedy) the statutory set of facts have developed reguarding the imposed sanction. The only resolve being an after the fact process to restore Rights of Citizenship. A set of facts without question have established citizenship rights loss of the right to sit on a Jury, hold Public Office, vote, and Bear arms. Even if it is said the bear arms is not applicable the voting is and was part of the sanction imposed without Due Process protections requiring the pro-

(6)

tections afforded in Kennedy and Ward.

6.     The Government may argue commerce clause regulatory issue pertaining to the firearms. This cannot stand, i.e. any regulation claim made by the AUSA after Mr. Jackman had purchased firearms (approve for appx. 4 years) without denials would be an after the fact claim to regulate already transpired purchases. At this point what could be regulated? Another showing of the penal nature of the after the fact imposition of punishment based on an improperly imposed sanction. This case against Mr. Jackman is a clear showing that his activities engaged in were Constitutionally protected acts with a very long history as such. A question asked in Kennedy to resolve issues of a statutes validity. The ones charging Mr. Jackman may have been Constitutionally enacted, except they are not Constitutionally applicable according to Afroyim, Vance, Kennedy, Cort, and ward, i.e. they ciminalize the Constitutional protections used in the sanctions. They take away that which Government cannot take. The only differences between Cort's case and Mr. Jackman's are the prior charges. Why and how they impose sanctions are identical. See Kennedy/Cort at *[372 US 168] and *[372 US 169]; notes 7,13,14,15,16,17,18, and 21 should be read for a more complete understanding of the applicability of the foregoing to Mr. Jackman's case.

7.     The foregoing argument further lends Credibility and creates several irreconcilable indifferences of law, i.e. most if not all of 18 §§ 921-931 cannot exist out of conflict with the Constitution, sections §§ 1101 & 1481 of Title 8, and for imposing punishment by prosecuting cases without validly imposed sanctions lacking in Due Process Protections reguarding no process to impose them. This establishing fraud perpetrated by the Government in a clear and unquestionable manner. [Expatriation vs. Citizenship Sanction vs. Adjudicated Charge]

## CONCLUSION

In conclusion the foregoing has as a matter of fact established the Nexis between Titles 8 & 18 showing it to be applicable to Mr. Jackman's case confirming the lack of Due Process of imposed sanctions.

(7)

The lack of Due Process resulting in a denial of Equal Protection of the law by allowing the taking of citizenship by a State Government then followed by a prosecution in the Federal Courts. Both actions outside the realm of either, i.e. no authority has been granted to either by the Constitution of the United States. The end result being a clear showing of Double Jeopardy, another act forbidden by the Constitution, while being grounds enough to grant the relief Mr. Jackman seeks. That being dismissal of all charges, immediate release from incarceration, including any and all relief allowed by law. Thank you.

                                    Respectfully submitted,

                                    _____
                                    Donald G. Jackman, Jr.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing is true and correct to the best of my ability and knowledge under penalty of perjury. That same was sent postage prepaid addressed to the parties listed below by placing same in the U.S. Postal Service Mail Box located at Mckean FCI, on this the 30th day of November, 2005.

                                Respectfully submitted,

                                */s/ Donald G. Jackman Jr.*
                                Donald G. Jackman Jr. # 06804068
                                Federal Correctional Institution, Mckean
                                P.O. Box 8000
                                Bradford, Pa.  16701

cc: Kelly R. Labby
    Assistant United States Attorney
    U.S. Post office and Courthouse
    700 Grant Street, Suite 400
    Pittsburgh, Pa.  15219

: Clerk's Office
    United States District Court
    Western District of Pennsylvania
    P.O. Box 1805
    Pittsburgh, Pa.  15230

: file