UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Donald G. Jackman, Jr.  )
                        )        2:00cr72
         v.             )        Case No. 04-1098
                        )
United States of America )

FILED
JAN 25 2006
CLERK U.S. DISTRICT COURT
DIST. OF PENNSYLV.

SUPPLEMENTAL MEMORANDUM OF LAW
EXCEPTIONS, RELIEF FROM DISABILITIES
IRRECONCILABLE INDIFFERENCE OF LAW
CASE OF FIRST IMPRESSION

COMES NOW, Donald G. Jackman, Jr. (Mr. Jackman) in the above captioned case in further support of the citizenship and statutorial issues previously raised on motion under §2255 and states the following:

1. That irreconcilable indifferences of law, including statutorial, precedental, and Constitutional conflicts exist between Title 18 USC §§ 921(a)(20)&(33)(B)(i)(ii),§922(g)(1)&(g)(8)(A),§925(c),§927, and Title 8 USC § 1481(a)&(b). That neither of the foregoing statutes can operate without conflict with the other[s]. Prior to establishing the conflicts and due to no specific definition given in §921, the following definitions used are from Websters New Third International Dictionary:

I.  **Disability**: n 2a: lack of legal qualification to do a thing: legal capacity, incompetence or disqualification.

II. **Disenfranchisement,** to dis-franchise: 2a enfranchise: to endow with a franchise: admit to the privileges of a freeman or "citizen". (emphasis addes)

III. **Sanction**: vb 4: to define as original and fundamental law antecedent to any possible violation,penalty, or sanction used chiefly in the phrase sanctioned right-vi: to arise as a preventative of violation of a sanctioned right or obligation- used chiefly in the phrase sanctioning rights.

(1)

IV.     **Antecedent** 4a: an event, condition, situation, circumstance, or complex preceding and often influencing or conditioning an occurrence or issue.

V.      **Expatriation** 2b: To renounce allegiance to one's country.

2.      An exception from disabilities (relief) can be granted under §925 (c) by making application to the Secretary of the ATF. Such relief may be granted from disabilities imposed by federal laws. [Problem being congress has not appropriated funds for such processing] The importance to the present case are "what federal laws" imposed a disability on Mr. Jackman's rights of citizenship?

§922(g)(1) makes it a federal crime to exercise otherwise legal activity, (exercising Second Amendment Right) due to a previously adjudicated crime without the benefits of any prior federal proceedings, which could have imposed the felon sanction/disability per §922(g)(8)(A). That this sanction has been imposed without any due process protections required by the 5th, 6th, & 14th Amendments. This in further violation of the U.S. Supreme Court ruling in Kennedy v. Mendoza-Martinez, 372 US 144 (1963). In this case the prior conviction was for draft evasion causing the invalid imposing of a sanction against defendant Cort. Id at *[372 US 167] "*Corts case illustrates, is not prerequisite to the operation of this sanction."$^{21}$ Independantly of prosecution, forfeiture of citizenship attaches when the statutory set of facts developes."

a.      In contrast to the present case the statutory set of facts involve the sanction imposed by §922(g)(1) (person disenfranchised), with the requirements of §922(g)(8)(A) and 8 USC § 1481(b) both missing. [For the record Firearm Ownership without a disability is nothing more than allowed and protected activity].

To continue ,at "*[372 US 167]* It is argued that the availability after the fact of administrative and judicial proceedings including the machinery the Court approved last term in Rusk v. Cort, 369 US 367 to contest the validity of the sanction meets the measure of due process. [stop]

(2)

b.   The present case has two sections under Title 18, (1) for before the fact and (1) for after the fact administrative and judicial proceedings to challenge a sanction, they are §921(a)(20)&(33)(B)(i)(ii) and 925(c) (respectively). There are further implications and requirements found in 8 USC § 1481(a)&(b). All being in place to either challenge or remove or previously establish that a sanction/disability/disenfranchisement was imposed.

*[372 US 167] "But the legislative history and judicial expression with respect to every congressional enactment relating to the provisions in question dating back to 1865 establishes that forfeiture of citizenship is a penalty for the act of leaving or staying out side the country to avoid the draft. This being so, the Fifth and Sixth Amendments mandate that this punishment cannot be imposed without a prior criminal trial and all its incidents, including indictment, notice, confrontation, jury trial, assistance of counsel. and compulsory process for obtaining witnesses. If the sanction these sections impose is punishment, and it plainly is, the procedural safeguards required as incidents of a criminal prosecution are lacking we need go no further.

c.   Mr Jackman as Cort has a previous crime, although different prior crimes the sanctions imposed are the same as it relates to rights of citizenship. It is also not questionable (due to Mr. Jackman being in prison) the sanction imposed was penal in nature, causing punishment for otherwise allowed activity. In Mr. Jackman's case the situation is even more blatantly violative of the Constitution and the ruling in Kennedy i.e. the sanction has made a constitutionally protected right a criminal act. This being accomplished thru the imposition of a sanction also in violation of the Constitution and the safeguards afforded by its 5th & 6th Amendments. Going even farther in that the issue sanctioned (citizenship) are beyond the scope of power granted congress to enact and government to enforce. See Afroyim v Rusk, 387 US 253 Id at *[387 US 257] [1-4] concerning 14th Amendment citizenship and congress' authority granted by the Constitution; and Vance v. Terrazas, 444 US 252 at [444 US 260] powers of congress. There are also several other questions relating to the statutes that bring into question their validty. They are as follows:

I.   **Limitation of Action,** there is no limitation of action of §922(g)(1) it is a sanction which imposes a punishment for prior adjudicated criminal act[s] for any length of time. Due it not having any prescribed time limits and no process which imposes it, it creates an at will circumstance allowing the government to imprison for no more than otherwise allowed conduct. Containing no provisions for any limitations of action on prosecution, clearly being a double jeopardy issue in this context and not one concerning commerce. Due to firearm possession being otherwise allowed conduct without prosecution, then the question must be asked why is there not prosecution of one not under disability who purchases a firearm not manufactured in their state of purchase? There must be (1) some limitation of action or (2) prosecution is solely due to the imposed sanction which"is"a citizenship issue requiring the due process protections layed out in Kennedy.

II.   **Double Jeopardy** is clearly implicated by §922(g)(1) for imposing a penal punishment for prior acts that are different than the prior act adjudicated, but a result of the prior act. Thus the violation of statute is formed by prior conduct. It is not per-se a secondary prosecution for the initial act, it is a prosecution for the sanction imposed and caused by the initial act creating a criminal act. This is by definition double jeopardy in its purest form. This creates a federal prosecution for committing the previous act minus the required procedure for imposing the sanction which creates the federal violation of law.

   It is fraud, not a dual sovereignty issue of State & Federal prosecutions, not a matter of commerce, it is prosecution for being previously prosecuted. §922(g)(1) is the imposition of a sanction without due process protections causing a blatant double jeopardy violation, violative of the Constitution, establishing the statute as being unconstitionl and implemented unconstitutionally.

III.   **Irreconcilable Indifferences of Law,** §(21(a)(20)&(33)(B)(i)(ii) and §922(g)(1)&(g)(8)(A) are irreconcilable i.e. §921(a)(20) removes the sanction imposed by §922(g)(1) except by operation of subsection(g)(8)(A) which cannot be imposed without violation of the Constitution or the rulings in Afroyim & Vance. §922 is a punishment for a prior crime/act committed causing a alleged loss of citizenship that cannot

be legally imposed by an action of government for the aforementioned reasons. The Constitution (state&federal),Kennedy, Afroyim, and Vance have invalidated §922(g)(1), due it being, (1) a power not granted to congress; (2) as imposed (not enacted) in a manner not consistent with the constitution; and (3) constitutionally invalid per its content even though it was enacted in a manner prescribed by the constitution. This giving it the appearance of being a constitutionally valid law due to a valid enactment. This being a clear and convincing showing of conflicting as well as Constitutionally invalid statutes.

Due in fact that §921(a)(20)&(33)(B)(i)(ii) takes away what §922(g)(1)&(8)(A) impose the two are inactuality canceled out while being in conflict with fundamental principals of law the 2 cannot exist. (8)(A) requires a court order, (a)(20) requires an act returning citizenship that could not be taken, while (g)(1) punishes the person for governmental or administrative actions not granted to same by the Constitution. Based on the factual nature of the foregoing this is a clear showing of an irreconcilable indifference considering what is and is not allowed by the constitution. That is one statute cannot restore what cannot be taken while another statute punishes for what cannot be taken, this would be Tyranny.

There exists an even further conflict between §§ 921,922,& 925 and Title 8 USC 1481(a)&(b) as it relates to exptriation with a direct nexis to this issue found in §922(g)(7). §1481(b) requires "all" prosecutions where citizenship is an issue, that the person or party claiming such loss of citizenship/nationality [a showing of the requirement under any Act to establish citizenship loss] that said person must have done the act of expatriation of his own assent. §922(g)(1) in and of its self expatriates a person for nothing more than a prior crime lacking all required incidents. The burden by the person or party to establish such loss under §1481(b) has been negated by §922(g)(1) so that the two statutes cannot operate without being in conflict with one another. Then §18§921(a)(20) provides for restoration of rights of citizenship not shown to have been renounced by the person illegally sanctioned by a non process of government. Due to the inability to find case law to counter this valid argument, it is either a case of first impression, prior cases have not been published, or again this is a fraud lacking basis in law. Irreguardless of this fact, the foregoing has been a clear

(5)

and convincing argument for the indifference that is irreconcilable between the several statutes.

3.   The next issue in reguards the citizenship matter is "what" disability was imposed by what Federal Law? This must exist in the form of some sort of proceeding commenced in Federal Court prior to Mr. Jackman being arrested and prosecuted in Federal Court for the felon in possession charge which can only be legally possible by an imposed sanction against Mr. Jackman's rights of citizenship. Being the case at present is the first federal prosecution or federal proceding Mr. Jackman has been involved in when was the sanctions imposed upon Mr. Jackman which would have conferred a federal jurisdiction to prosecute as a felon in possession? With no prior procedings which imposed a sanction upon Mr. Jackman, his prosecution can only be as a matter of law and fact a fraud upon the court.

No trial or incidents of a trial sanctioning Mr. Jackman can only mean §922(g)(1) imposed a sanction for previous conduct without due process protections. This issue was summed up in Head Note 16 of Kennedy. "A federal statute which provides for automatic forfeiture of citizenship as punishment, without affording the procedural safeguards guaranteed by the Fifth and Sixth Amendments, cannot be upheld because of the availability after the fact, of administrative and judicial proceedings to contest the validity of the sanction." 18 USC § 925(c) is the after the fact remedy (that is not even funded by congress) with §921(a)(20) the before the fact remedy that was not acknowledged buy this court. All the foregoing being conclusive proof of the denials of fundamental principals and issues of law not adhered to in Mr. Jackman's federal court proceedings, a further showing of governments failures to uphold the United States and Pennsylvania Constitutions.

4.   The foregoing has layed out and conclusively established that §922 imposes a sanction, while 8§1481(b) forbids it without first establishing expatriating acts. This further proving why §922(g)(1) cannot stand as valid law. That §925(c) is surely an after the fact remedy with §921(a)(20) a before the fact remedy. §922 deprives a citizen also of a State right which conflicts with §927 as to not occupy the field of State law by excluding it which has happened.

This is punishment for a prior act not a commerce issue, the only effect on commerce being the "creation" of a exploding prison industry which if anything has an adverse effect on commerce by taking away jobs while allowing the exploitation of incarcerated "citizens" for slave labor. This argument based on facts has established not that an issue of commerce exists, but a usurptation of power that is not granted to congress or government by the Constitution. Even if the commerce argument used by government were valid (which it is not) the requirement to first impose a sanction in a manner prescribed by law would still be required for a valid sanction,or the whole system of laws would be invalidated by the failure to adhere. The same would be true for any proceeding which lead to Mr. Jackman's imprisonment.

To look at this in another manner one can show as has occurred numerous times through out Mr. Jackman's case where the unpublished nonbinding rulings were cited as the authority of law by both the District and Appellate Courts creating new authorities of law. Based on these new authorities of law this memorandum will be supplemented with a release order citing the ruling by Judge Cohill in civil action 05-00215 (Erie) where Judge Cohill as a defendant/witness dismissed the same. With previous rulings by both courts creating new rulings of law it has established that a defendant can dismiss a matter he is a party to. [see attachment]

5. Afroyim v. Rusk and Vance v. Terrazas both held it was beyond the power of congress to take away a person's citizenship without his assent. For any prosecution to have commence against Mr. Jackman without first establishing a valid sanction was imposed would be a factual showing of a fraud upon the court, i.e. there was no grounds or federal violation that would conferred jurisdiction uopn this court. It is understood that prosecutions for the same crime can take place in both state and federal courts. In the present scheme , prosecution was for a prior crime, not the prior crime.

Prior to Mr. Jackman's federal arrest on a bogus state warrant there were NO previous federal charges which imposed any federal disablity, Kennedy is clear on the due process requirement. With a lack of case law on the particulars in question here, can only mean a case of first impression. Further first impression exists as to the Constituionality

(7)

of 18 USC §§921 to 931, not as being costitutionally enacted which it has, but as being constitutionally unviable as it relates to imposing punishment based on citizenship rights loss that cannot be imposed by acts of government. That the government also has to according to statute establish a loss of citizenship by the person which in almost all cases will not be possible due to the lack of expatriating acts performed by the person in question and enforcing a authority not granted to government. see Afroyim at *[387 US 257] [1-4] concerning powers of congress.

## CONCLUSION

In conclusion the foregoing is an absolute showing, with the support of United States Supreme Court precedent that totally shows that Mr.Jackman is entitled to the relief he seeks, and moves this Honorable Court to grant immediate release. Thank you.

Respectfully submitted,

*[signature]*
Donald G. Jackman, Jr.

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing is true and correct to the best of my ability and knowledge under penalty of perjury, that same was mailed postage prepaid to all parties of record listed below on this the 19th day of January, 2006 by placing same in the U.S. Postal Service Mail Box located at Mckean FCI addressed as follows:

Respectfully submitted,

*Donald G. Jackman, Jr.*
Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution, Mckean
P.O. Box 8000
Bradford, Pa. 16701

cc: Clerk's Office
    United States District Court
    Western District of Pennsylvania
    P.O. Box 1805
    Pittsburgh, Pa. 15230

:  Kelly R. Labby
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 400
    Pittsburgh, Pa. 15219

:  file