UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Donald G. Jackman, Jr.        )
                              )
                              )
       vs.                    )    Case No. 00-757 (Civil)
                              )    Criminal No. 00-72
                              )
United States of America      )

FILED
MAR 2 4 2006
CLERK U.S. DISTRICT COURT
W. DIST. OF PENNSYLV.

**MOTION FOR THE RETURN OF PROPERTY**

       COMES NOW, Donald G. Jackman, Jr. (Mr. Jackman) in the above docketed and captioned case moving this Honorable Court to grant return of property in accordance with Federal Rules Of Criminal Procedure Rule 41(g). That the forfeiture of said property was in violation of the protection against double jeopardy, was done denying due process, deprived Mr. Jackman of the value of said property, included property that had no connection with criminal activity, allowed appointed counsel to withdraw from representation, no just compensation, and no showing of a required imposed sanction that would have given the government a claim of right. The original request for trial and all its indices being innored by the court.
       In further support of the motion for return of property Mr. Jackman shows and presents the following:

1.     That the initial forfeiture used an unapplicable drug forfeiture statute that had no bearing on Mr. Jackman's case. The using of Title 21 USC § 881 resulted in a taking in violation of "takings clause" of the Fifth Amendment to the United States Constitution which requires "just compensation" not received by Mr. Jackman. That there was no drugs or drug charges or property the proceeds of drug activity. With nothing tangible to support the governments claim.  [Exhibit A]

2.     That none of the items taken were contraband, acquired in a illegal manner, hold any evidentiary value, were proceeds from any proven "acts", and were purchased with money from gainful employment with over four

(1)

years of approved purchase records to prove this fact. The same records still being wrongfully withheld by the U.S. Attorney's Office when Rule 16 required their being turned over with discovery due to their exculpatory value. Further withheld exculpatory evidence includes the withheld ATF Determinations as required by 27 CFR § 179.24 that conclusively show the devices as not being destructive. Not being destructive devices requiring registration is evidence of "NO" wrong doing or no violation of Federal Law and no jurisdiction to prosecute. Further undeniable proof of a violation of the "taking clause".

3.    That the property taken represents punishment, while violating the protection against double jeopardy including the already referenced just compensation clause of the Constitution. That Mr.Jackman did not receive any compensation for the property taken which in part include many items not listed on the search warrant. Some of the items taken were not listed on the invintory or mislisted, they in combination with other items are as follows: (2) pairs of boots (timberland and sorel, new), Night vision scope, approximately 20 Mag-Light flashlights in assorted sizes, Clothing, rifle/pistol scopes (not a firearm), several knives not listed (pocketed by thiefing agents), digital watches allegedly claimed to be Bomb Timers but inadvertently left off the inventory (being worn now by some agents kids or self), several cross bows that were also not part of the search warrant, [A search warrant never shown to Mr. Jackman anytime before, during, or after the search he was not present at but stated by the government that he was], several pellet guns that are not a firearm, a Hornaday Custom bullet display that was not functional ammunition, several commodity gold pieces not accounted for on any invintory [did list the phony looking gold Sakagawea coins of a dollar denomination], and 2,900 dollars in rolled coins saved from work related income that has never been accounted for or returned. This is only an in part list and also does not contain the taken firearms which the government listed as valued at $5,000 when (6) of the firearms alone were worth more and were paid for in excess of $5,000. further establishing the fraud perpetrated by the government actors.

4.    That this motion under Rule 41(g) states a claim while showing

(2)

violations of federal laws, the United States, and Pennsylvania Constitutions by the government and the United States District Court for the Western District of Pennsylvania. Based on the violations of Double Jeopardy, the Taking Clause (no just compensation) denial of Equal Protection of the laws, denied representation of counsel, and no proper procedure in the original proceedings, Mr. Jackman seeks redress with all its incidents available under the law that were denied in the original proceedings.

5. This motion for the return of property furthermore intends to address all issues not adjudicated in the original proceedings under case no. 00-757 which was granted without opportunity to be heard, including all issues raised in this motion. That on November 17, 2003 the government moved for forfeiture which was granted (2) days later on the 19th when their claim of right had expired no less than (2) years prior. See 18 USC § 983(a)(1)(A)(i) & (I)(II). The government as previously stated fraudulently initiated proceedings under 21 USC § 881 which was not applicable. That no drugs, no drug paraphernalia was present, no drug residues, or any drug related items were present due to none existing. Nothing present in the house was proceeds from drug activity. Mr.Jackman further states a claim per Article III of the United States constitution.

6. Other issues already supported include the agreeing by the Appellate Court that proper notice was denied while rubber stamping all other relevant issues irreguardless of the fact there was no valid claim on the part of the government to Mr.Jackman's property. That forfeiture was just granted when the facts did not warrant or allow it. That in support of the claim that a vast majority of property taken was not authorized by the warrant copies of several inventories are included to support this fact including a copy of the warrant.[Exhibit B]

7. That Mr.Jackman wants the property returned and or just compensation for the actual value which is more realistically around 30 to 35,000.00 dollars which is a far more realistic value than the $5,000.00 estimated by the Government. That in the event the property is not

returned as the law requires, Mr.Jackman formally requests that a hearing and or trial be commenced in order to properly adjudicate this matter according to "all applicable law" not those presumed applicable by the government. That as was requested in the original attempt at adjudication a jury trial is demanded with or without counsel. That in support of this motion please find an attached Memorandum of Law and Exhibits. Thank you.

Respectfully submitted,

Donald G.Jackman, Jr. Pro-se

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing is true and correct to the best of my ability and knowledge under penalty of perjury. That same was sent postage prepaid to all parties of record listed below on this the 21st day of March, 2006 by hand delivering to Mckean Staff during lunch and addressed as follows:

                                        Respectfully submitted,

                                        Donald G.Jackman, Jr. #06804068
                                        Federal Correctional Institution,Mckean
                                        P.O. Box 8000
                                        Bradford, Pa. 16701

cc: Clerk's Office
    United States District Court
    For The Western District of Pennsylvania
    U.S. Post Office and Courthouse
    P.O. Box 1805
    Pittsburgh, Pa.   15219

: Kelly R. Labby, Esq.
    Assistant U.S. Atgorney
    400 United States Courthouse
    Pittsburgh, Pa.   15219

: File