SCANNED

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Donald G. Jackman, Jr.    )
          Petitioner,)
                          )
     v.                   )     Case No.04-cv-1098
                          )
                          )
United States of America  )
          Respondents.

MOTION TO TRANSFER TO THE

COURT OF FEDERAL CLAIMS UNDER

RCFC RULE 3.1 & 28 USC § 1292(d)(4)(B)

COMES NOW, Donald G. Jackman, Jr. (Mr. Jackman) in the above captioned case moving this court to grant transfer to the United States Court of Federal Claims. In support of this motion Petitioner shows and states the following:

1.   That the above captioned matter has been pending before the U,S. District Court for the Western District of Pennsylvania for over (2) years with a filing date of July 2004.

2.   That many additional filings have been made since the original filing of the motion under 28 USC § 2255 to supplement the motion, including but not limited to the following: several memorandums of law, several requests for judicial review of denied FOIA requsts for exculpatory evidence, motion for summary judgment, lack of jusisdiction, discovery motion, and other attempts at resolve of the §2255 petition.

3.   That in order to get a prompt determination Rule 1 of the RCFC

is being invoked to ..."secure the just, speedy, and inexpensive determination of every action." With the issues spoke of in #2 being either not answered, denied, or excessively delayed by the district court. There cannot be a non biased or non prjudiced towards petitioner adjudication of this matter now before this court by this court.

4.    That jurisdiction for the Court of Federal Claims to hear and properly adjudicate this matter can be found under Title 28 USC § 1495 and Title 28 USC § 2513(a)(2) both of which are as follows:

> **§1495. Damages for unjust conviction and imprisonment; claim against the United States** The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.
>
> **§2513(a)(2). Unjust conviction and imprisonment** (a) Any person suing under section 1495 of this title [28 USCS § 1495] must allege and prove that: (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

Ballentine's Law Dictionary defines and in the use of a statute to mean either or as is the case of §2513(a)(1) requiring the case to have been "reversed or set aside"...and (2) He did not commit any of the acts... The congressional intent of using and to connect two separate sections is a clear indication of (1) & (2) being seperate or requirements.

a.    The issue being that there has not been a crime against the United States committed by petitioner according to the United States Constitution. Article One Section 8 subsection 6 allows ...for the punishment of

counterfeiting the securities and current coin of the United States. With subsection 10 reading as follows: To define and punish piracies and felonies committed on the high seas, and offenses against the laws of nations. Further constitutional authority to prosecute federally is found in Article Three Section 3 subsection 1, Treason against the United States, shall consist only in levying was against them, or in adhering to their enemies, giving them aid and comfort... None of the foregoing acts being committed by or prosecuted against Mr. Jackman. Further support of the meaning of or is as follows:

> In the construction of statute, the word "and" is construed to mean "or", where such construction is required by the context or is necessary to harmonize the provisions of the statute and give effect to all provisions, to save the statute from unconstitutionality, or to effectuate the obvious intention of legislature. 50 Am Jlst Stat § 282. A similar rule prevails in the construction of municipal ordinances. 37 Am Jlst Mun Corp § 187. Id at pg. 73 under **and** ¶ 2 Ballentine's Third Edition.

5.     That RCFC Rule 40.2 allows A motion to transfer be initiated by a party. With Assignment and transfer of cases permitted by Rule 40.1 and to proceed In Forma Pauperis under 28 USCS § 2513(d) with authority previously allowed due to prior granting of pauper status voiding reapplication for pauper status under RCFC Rule 3.1(a) while transfer motion stays all further action 60 days untill after ruling on this motion per rules prescribed herein for other cases Rule 3.1(b)(2)

6.     That motion to transfer to the Court of Federal Claims is being made to the United States District Court for the Western District of Pennsylvania as required by Rule 3.2(a)(1) **Transfers From Other Courts.**

in order to seek an unbiased and prompt adjudication in a court of competent jurisdiction. These pleadings have been constructed and shall be construed as to do substantial justice Rule 8(f).

7. That pleader is entitled to relief due to the fact his actual conduct was either government approved conduct (firearm purchases), not a violation of any laws (no crimes were committed with the use of a firearm or was any firearm purchased with the proceeds of any criminal act), and that the supposed/alleged criminal conduct of petitioner is a protected constitutional activity under the Second Amendment of the United States Constitution. [as required by Rule 8(a)(1)(2)(3)]

8. That a demand for judgment (herein transfer to the Federal Court of Claims) is requested from this court. That order issue promptly transferring this case to the aformentioned court of competent jurisdiction.

## CONCLUSION

Based on the foregoing information consisting of statements, claim, and demand for judgment, Petitioner respectfully petitions this Honorable Court for transfer of the captioned case to the Court of Federal Claims inorder that a prompt, fair, and consistent with laws adjudication can be had. Thank you.

Respectfully submitted,

_Donald G. Jackman, Jr._  Pro se
Donald G. Jackman, Jr.   Pro se

4.

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was served on all parties of record on this the 9th day of August, 2006, postage prepaid and addressed as follows:

Respectfully submitted,

*[signature]* Jr. Prose
Donald G. Jackman, Jr. # 06804068
Federal Correctional Institution, Mckean
P.O. Box 8000
Bradford, Pa.   16701

cc: Clerk's Office
United States District Court
for the Western District of Pennsylvania
P.O. Box 1805
Pittsburgh, Pa.   15219

: Kelly R. Labby AUSA
United States Attorney's Office
Western District of Pennsylvania
U.S. Post Office and Courthouse
700 Grant Street, Suite 400
Pittsburgh, Pa.   15219

: Office of the Clerk
of the United States Court of Federal Claims
717 Madison Place, N.W.
Washington, D.C.   20005

: file