NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1140

00 CR 72

UNITED STATES,

Plaintiff-Appellee,

v.

DONALD G. JACKMAN, JR.,

Defendant-Appellant.

ON MOTION

Before NEWMAN, RADER, and LINN, Circuit Judges.

PER CURIAM.

ORDER

The United States moves to dismiss Donald G. Jackman, Jr.'s appeal for lack of jurisdiction.

This is an appeal in a criminal case. Jackman was found guilty of violating federal firearms laws. The district court's judgment was affirmed by the United States Court of Appeals for the Third Circuit. Jackman filed various motions in the district court, including a motion to transfer the case to the United States Court of Federal Claims. In an order entered on December 22, 2006, the district court denied the various

motions. Jackman appealed the denial of the motion to transfer and seeks review by this court. Jackman appealed the denial of other motions to the Third Circuit.

The United States argues that we do not have jurisdiction because this case involves issues that are before the Third Circuit. We agree that we do not have jurisdiction, but for a different reason.

Section 1492(d)(4)(A) provides this court with jurisdiction over an appeal of an order granting or denying a motion to transfer an action pursuant to 28 U.S.C. § 1631. Section 1631, in turn, provides that a court may in a "civil action" transfer the action to another court if it finds that it does not have jurisdiction. Because Section 1631 applies only to transfer of a civil action and does not apply to a criminal proceeding, Jackman's motion to transfer did not fall under Section 1631 and Jackman's appeal does not fall under Section 1492(d)(4)(A). Thus we have no jurisdiction over this appeal. See Federal Deposit Ins. Corp. v. Maco Bancorp, Inc., 125 F.3d 1446, 1447-48 (Fed. Cir. 1997) (Section 1492(d)(4)(A) provides this court with jurisdiction only if the district court's order regarding transfer was based on Section 1631).

Accordingly,

IT IS ORDERED THAT:

(1)   The motion to dismiss is granted.

(2)   Each side shall bear its own costs.

FOR THE COURT

MAR 0 1 2007

Date

Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 1 2007

JAN HORBALY
CLERK

2007-1140

- 2 -

cc: Kelly R. Labby, Esq.
Donald G. Jackman, Jr.

s8                    MAR 0 1 2007

ISSUED AS A MANDATE: _____

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By _____ Date: 3/1/07

- 3 -

2007-1140