**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2191

UNITED STATES OF AMERICA

v.

DONALD G. JACKMAN, JR.,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 00-cr-00072)
District Judge: Honorable Maurice B. Cohill, Jr.

Submitted under Third Circuit LAR 34.1(a)
June 19, 2007

Before:   BARRY, CHAGARES AND ROTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Opinion filed: September 12, 2007)

OPINION

PER CURIAM

      Donald Jackman, Jr. appeals the District Court's order denying his motion filed

pursuant to Fed. R. Crim. P. 41(g) for the return of firearms and other property seized

during a search of his residence. In February 2002, Jackman was convicted of possession of an unregistered destructive device and pled guilty to possession of a firearm by a felon. He was subsequently sentenced to 262 months in prison. His conviction and sentence were affirmed on appeal. In a separate proceeding, the government filed for forfeiture of several of Jackman's firearms, and on November 19, 2003, the District Court entered a final order of forfeiture. Jackman appealed, and this Court dismissed the appeal as frivolous. See C.A. No. 03-4607. On March 24, 2006, Jackman filed the instant Rule 41(g) motion. On March 27, 2006, the District Court denied the motion. Jackman filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

We review the District Court's decision for abuse of discretion. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). Because the firearms have been forfeited to the government and because Jackman is legally prohibited from possessing firearms, the District Court did not abuse its discretion in denying Jackman's motion with respect to the firearms. See United States v. Howell, 425 F.3d 971 (11th Cir. 2005)(holding that a convicted felon is not entitled to have firearms returned, held in trust, or sold for his profit); United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000)(holding that a convicted felon is not entitled to return of firearms or to have firearms held in trust by third party).

Although Jackman focuses primarily on challenging the forfeiture of the firearms in his Rule 41(g) motion and appellate brief, he briefly mentions other property he alleges was taken by the government. Brief at 13. Jackman claims the other property was never returned but admits that he was not present during the search. Id. According to the

District Court docket, Jackman has been in custody since his arrest. The government has submitted records showing that the items were returned to Jackman's residence. The property receipts Jackman has submitted show that several items were not taken by the government. Exhibit E. Furthermore, we note that Jackman sued several individuals, including his then-girlfriend with whom he shared the residence, and claimed that they wrongly disposed of his property after his arrest. Several of the items mentioned in his Rule 41(g) motion were also included among the items he alleges those individuals misappropriated, e.g., twenty-nine hundred dollars in rolled coins, twenty flashlights, gold pieces, clothing, and shoes. See Jackman v. McMillan, W.D. Pa. Civ. No. 06-cv-00051. In light of the government's submissions as well as Jackman's own allegations, we find it unnecessary to remand the matter for a hearing on the other property.

For the above reasons, we will **affirm** the District Court's March 27, 2006 order. Appellee's motion to supplement and expand the record is **denied**. Jackman's motion for the return of property is **denied**.