# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 00-72 |
| | ) | |
| DONALD G. JACKMAN | ) | |
| | ) | |

## MEMORANDUM OPINION and ORDER

Presently before the Court is Donald G. Jackman, Jr.'s Motion for Review of Sentence
Per 18 U.S.C. § 3742(a)(1)(2)(3) ("Renewed Notice of Appeal"). ECF No. 193. In addition,
Mr. Jackman has filed a Memorandum of Law in Support of his Motion (ECF No. 194) as well
as a Supplemental Jurisdictional Authority for Renewed Appeal (ECF No. 195). For the reasons
set forth below we will deny the motion.

On April 12, 2000, Donald G. Jackman, Jr. was charged in a two-count superseding
indictment with possession of firearms by a convicted felon in violation of 18 U.S.C. §§
922(g)(1) and 924(e); and possession of an unregistered firearm in violation of 26 U.S.C. §§
5661(d) and 5871. A trial on Count Two only began on February 11, 2002. On February 14,
2002, a jury found Mr. Jackman guilty of possession of an unregistered firearm, in violation of
26 U.S.C. §§ 5661(d) and 5871. On February 15, 2002, the parties informed the Court that Mr.
Jackman agreed to plead guilty to possession of firearms by a convicted felon in violation of 18
U.S.C. §§ 922(g)(1) and 924(e), which he did that same date.

Mr. Jackman was subject to the provisions of the Armed Career Criminal Act, making his
guideline sentence range 262-327 months' imprisonment. On September 17, 2002, Mr. Jackman
was sentenced to 262 months' imprisonment for the possession of firearms by a convicted felon
charge and 120 months' imprisonment for the possession of an unregistered firearm charge, to be

served concurrently for a total term of imprisonment of 262 months. He timely filed an appeal from his conviction on September 26, 2002. The United States Court of Appeals for the Third Circuit affirmed the conviction and sentence on October 6, 2003. Mr. Jackman also timely filed a motion to vacate pursuant to 28 U.S.C. § 2255, as well as pursuing several other avenues of review, all of which were unsuccessful.

Our first issue is whether we have jurisdiction. Mr. Jackman purports to establish jurisdiction for review of his sentence under 18 U.S.C. § 3742, emphasizing that it is the reviewing court's duty to *first* determine if the sentence was imposed in violation of law. In addition to 18 U.S.C. § 3742, Mr. Jackman also cites to 28 U.S.C. § 2106, Gall v. United States, 552 U.S. 38 (2007), Kimbrough v. United States, 552 U.S. 85 (2007), and other cases. Mr. Jackman acknowledges that his request for review of his sentence is being filed out of the normal time limits, but nonetheless argues that the court's first imperative is to determine if his sentence was imposed illegally, and that this duty is prior to any question of jurisdiction. Alternatively, he notes upon his prior timely appeal, the Court failed to first determine on its own whether his sentence was lawful. He further notes that there are no timeliness provisions set forth in either 18 U.S.C. § 3742 or 28 U.S.C. § 2106. Finally, Mr. Jackman argues that there has been a fundamental miscarriage of justice comprising extraordinary circumstances that permit the court to exercise jurisdiction and provide appropriate relief.

We do not have jurisdiction to review Mr. Jackman's sentence. Mr. Jackman's argument that 18 U.S.C. § 3742 requires a reviewing Court to *first* determine whether a defendant's sentence was imposed in violation of a law, prior to determining jurisdiction, is in error. The

requirements set forth in section 3742 are directed to a court that already properly has jurisdiction over the matter.

Neither 18 U.S.C. § 3742, nor 28 U.S.C. § 2106 confer jurisdiction in this court to review Mr. Jackman's sentence. A court may correct or modify a sentence only under certain limited circumstances. Under Federal Rule of Criminal Procedure 35(a) we may correct a sentence in very limited ways only within seven days after imposition of the sentence. We may also reconsider a modification of sentence when a timely filed motion is brought pursuant to 28 U.S.C. § 2255. Finally, 18 U.S.C. § 3582(c) provides for very specific and limited circumstances under which a court may modify a sentence after it has been imposed, none of which apply in the present case.

We also note that Mr. Jackman's allegation that his sentence was imposed in violation of law appears to rest on a mistaken understanding of 18 U.S.C. § 924(e) as applied to his prior state law drug offenses. As Mr. Jackman states, section 924(e)(2) defines a qualifying drug offense as an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." Mr. Jackman's *actual* maximum sentence that he received in each of his prior drug convictions was less than ten years. Mr. Jackman had three separate prior drug offenses in North Carolina for which he received three separate sentences of 7 years, 5 years, and 5 years. He argues that these three prior drug convictions cannot act as qualifying convictions for the Armed Career Criminal Act because in none of the convictions did he receive a sentence of "ten years or more."

It is not the length of sentence a defendant receives, but the length of the sentence he was exposed to (i.e., the maximum sentence) that matters for determining whether a prior drug

3

offense is a qualifying conviction. Mr. Jackman was convicted of drug offenses "for which the maximum term of imprisonment" was at least ten years, although his actual sentence in each conviction turned out to be less than ten years. Mr. Jackman has submitted as an Exhibit a "Certificate of Unconditional Discharge" from the State of North Carolina that is specific to his case. This Certificate shows that he was sentenced in the Superior Court of Catawba County to a minimum length of 0 years and a maximum length of 7 years for trafficking cocaine at Docket Number 88013868; a minimum length of 0 years and a maximum length of 5 years for possession with intent to sell at Docket Number 88013869; and a minimum length of 0 years and a maximum length of 5 years for possession with intent to sell at Docket Number 88013870. This Certificate does not show the maximum number of years called for by the statue for the offenses he was convicted, but instead shows only his actual sentence. At the time Mr. Jackman committed these offenses, the crimes carried maximum sentences of ten years, and thus they are qualifying convictions under the Armed Career Criminal Act.

The following Order is therefore entered.

AND NOW, to-wit, this **32** day of ~~November~~ December, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Review of Sentence Per 18 U.S.C. § 3742(a)(1)(2)(3) ("Renewed Notice of Appeal") (ECF No. 193) be and hereby is DENIED for lack of jurisdiction.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Court Judge

4

cc:     Donald Jackman, Jr., # 06804-068
        F.C.I. Fort Dix, Bldg #E-5751
        PO BOX 2000
        Joint Base MDL, NJ  08640-5433