IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:00-cr-00072 |
| | ) |
| DONALD JACKMAN | ) Judge Mark R. Hornak |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Donald Jackman's Motion to Modify Term of Imprisonment Under 18 U.S.C. § 3582(c)(2) (ECF 215).

On April 12, 2000, Mr. Jackman was charged with possession of firearms by a convicted felon and possession of an unregistered firearm. Following a jury trial, Mr. Jackman was found guilty of possession of an unregistered firearm on February 14, 2002. He then pleaded guilty to possession of firearms by a convicted felon on February 15, 2002, and was sentenced to 262 months' imprisonment on September 17, 2002.

Mr. Jackman now contends his sentence was improper because the sentencing court misapplied the Armed Career Criminal Act (ACCA) enhancement provision, 18 U.S.C. § 924(e)(1), and a sentencing guideline, U.S.S.G. § 4A1.2(a)(2)(B) (2002). Specifically, Mr. Jackman asserts the sentencing court erred in applying the enhancement because it considered Mr. Jackman's aggregate sentence of 17 years from three prior convictions. Instead, according to Mr. Jackman, the sentencing court should have considered his prior convictions together as one offense. Mr. Jackman also argues a recent amendment to U.S.S.G. § 4A1.2, Amendment 795, effective Nov. 1 2015, supports his interpretation of the 2002 version of that guideline.

1

* * *

18 U.S.C. § 3582(c)(2) allows the court to reduce the term of imprisonment upon a motion from the defendant if (1) the sentence was based on a sentencing range that has been subsequently lowered by the sentencing commission and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. §3582(c)(2); *United States v. Landon*, 2016 WL 5864889 (3d Cir. Oct. 7 2016) (citing *United States. v. Fleming*, 723 F.3d 407, 410 (3d Cir. 2013)). The applicable policy statements permit a reduction only on the basis of amendments that are explicitly made retroactive in U.S.S.G. § 1B1.10(d) (formerly § 1B1.10(c)). U.S.S.G. § 1B1.10(a)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 831 (2010); *United States v. Doe*, 564 F.3d 305, 313 (3d Cir. 2009). The amendment Mr. Jackman cites, Amendment 795, is not deemed retroactive by U.S.S.G. § 1B1.10(d). Mr. Jackman is, therefore, ineligible for a reduced sentence on the basis of Amendment 495 to U.S.S.G. § 4A1.2. *See* U.S.S.G. § 1B1.10(a)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 831 (2010); *United States v. Doe*, 564 F.3d 305, 313 (3d Cir. 2009).

18 U.S.C. § 3582(c)(2) "does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. . . . [A] court proceeding under § 3582(c)(2) 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.' § 1B1.10(b)(1)." *Dillon v. United States*, 560 U.S. 817, 831 (2010). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. *Id.* at 826. "[A] court may not revisit or re-decide guideline applications during a § 3582(c)(2) proceeding, but rather must work only with the sentence actually

imposed." *U.S. v. Ortiz-Vega*, 744 F.3d 869, 873-74 (3d Cir. 2014). The Court cannot, therefore, revisit the sentencing court's guideline calculations on this motion under 18 U.S.C. 3582(c)(2).

\* \* \*

For the reasons set forth above, after consideration of Mr. Jackman's Motion to Modify Term of Imprisonment Under 18 U.S.C. § 3582(c)(2) (ECF 215), that Motion is hereby DENIED.

Mark R. Hornak
United States District Judge

cc: All counsel of record

3